**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**CHARITON DIVISION**

| | |
|---|---|
| SHAWNNA L. MONTES,<br><br>Plaintiff,<br><br>v.<br><br>LEAD BANK c/o REVOLUT TECHNOLOGIES, INC.,<br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:26-cv-01863<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes SHAWNNA L. MONTES ("Plaintiff"), by and through the undersigned, complaining as to the conduct of LEAD BANK c/o REVOLUT TECHNOLOGIES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Equal Credit Opportunity Act ("ECOA") pursuant to 15 U.S.C. §1691 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the ECOA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1691, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Eastern District of Missouri.

### PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Medical Lake, Washington.

5. Defendant is a company engaged in the business of offering "Buy Now, Pay Later" payment services and personal loans to consumers in many states, including to those within the state of Washington. Defendant is a corporation organized and existing under the laws of the state of Delaware and maintains its principal place of business at 1801 Main Street, Kansas City, Missouri 64108.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of adverse credit actions Defendant took regarding Plaintiff's application for credit.

8. Around August 2026, Plaintiff applied for a line of consumer credit through Defendant.

9. On or about September 11, 2026, Plaintiff received correspondence from Defendant denying her application.

10. Defendant sent Plaintiff a letter notifying her of the adverse action, which states in part as follows: "This program is not available because the credit score is below the minimum threshold."

11. Defendant's adverse notice listed no reasons for the basis of the adverse action, does not identify what credit score is needed to reach the minimum, and simply states that Plaintiff's score was too low.

12. Defendant's adverse notice failed to not only provide Plaintiff with any clear rationale for the decision, but it also failed to provide any indications on steps Plaintiff could take to receive extensions of credit from Defendant in the future.

13. Defendant's adverse notice also did not inform Plaintiff of any right to a written statement of reasons explaining the rationale for the adverse action.

14. Defendant's adverse notice further fails to provide Plaintiff with the right to request specific reasons within 30 days of the adverse action.

15. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including but not limited to, being subjected to adverse credit decisions, denial of credit opportunities, and mental and emotional pain and suffering.

16. Frustrated, distressed, and concerned by Defendant's actions and inactions, Plaintiff spoke with the undersigned regarding her rights, resulting in expenses.

## COUNT I - VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

17. Plaintiff repeats and alleges paragraphs 1 through 16 as fully set forth herein.

18. Plaintiff is an" applicant" as defined by 15 U.S.C. § 1691a(b) because she applied to a creditor directly for an extension of credit.

19. Defendant is a "creditor" as defined by 15 U.S.C. § 1691a(e) as it regularly arranges for the extension, renewal, or continuation of credit.

20. The consumer line of credit sought by Plaintiff constitutes "credit" as defined by 15 U.S.C. § 1691a(d).

21. The provision of a credit application and information to Defendant by Plaintiff constitutes an "application" as defined by Regulation B, the regulations regarding the ECOA as implemented by the Consumer Financial Protection Bureau ("CFPB"), under 12 C.F.R. § 202.2(f).

22. Defendant's refusal to qualify Plaintiff for a line of credit constitutes an "adverse action" as defined by 15 U.S.C. § 1691d(6).

23. The aforementioned credit denial is an "adverse action" as defined by 15 U.S.C. § 1691(d)(6).

24. The ECOA, pursuant to 15 U.S.C. § 1691(d), requires creditors to provide applicants with notification of the adverse action alongside a statement of reasons supporting the creditor's adverse action. Pursuant to 15 U.S.C. § 1691(d)(2), a creditor may satisfy the requirement by either "providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within 30 days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request."

25. Furthermore, pursuant to 15 U.S.C. § 1691(d)(3), the written statement of reasons meets the requirements of the ECOA only if "it contains the ***specific*** reasons for the adverse action taken." 15 U.S.C. §1691(d)(3) (emphasis added).

26. Pursuant to 12 C.F.R. § 202.9(b), Regulation B further requires the explanation to be specific, and indicates that vague or inactionable statements such as the adverse action being "based on the creditor's internal standards or policies" or that the applicant failed to "achieve a qualifying score on the creditor's credit scoring system are insufficient."

27. Defendant violated § 1691(d)(3) of the ECOA because it failed to provide Plaintiff with an adverse action notice detailing the specific reasons for the credit denial. Specifically, Defendant just broadly and vaguely stated that Plaintiff's credit denial was based on Plaintiff's low credit score, without actually identifying what that minimum requirement is.

28. Defendant's adverse action notice is vague and conclusory, as it merely states that Plaintiff failed to achieve a qualifying credit score per Defendant's standard, without any indication as to what led them to deny her with the credit loan, nor was there any adequate explanation as to what exactly was determined to be a basis for her credit denial.

29. Defendant's adverse notice further fails to inform Plaintiff of her right to request specific reasons for her loan denial in the manner required by the ECOA.

30. Accordingly, Plaintiff was unable to address or correct the alleged deficiencies on which Defendant based this denial.

31. As indicated above, Plaintiff suffered damages and the deprivation of statutorily required information with downstream negative consequences, as the deprivation of information to which Plaintiff was statutorily entitled precluded Plaintiff from being able to correct the issues and otherwise attempt to qualify for the credit he was seeking when applying through Defendant.

WHEREFORE, Plaintiff, SHAWNNA L. MONTES, respectfully requests that the Arbitrator enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying ECOA violations, pursuant to 15 U.S.C. §1691e(a);

c. Award Plaintiff punitive damages of up to $10,000, in an amount to be determined at trial, for the underlying ECOA violations, pursuant to 15 U.S.C. §1691e(b);

d. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1691e(d); and

e. Award any other relief as the Arbitrator deems just and appropriate.

Dated: October 28, 2026

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103

Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com